IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONNA R. WEBB                                                    PLAINTIFF

V.                                          NO. 12-5204

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration        DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Donna R. Webb, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (the Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

## I.    Procedural Background:

Plaintiff's original SSI application was discussed in the undersigned's previous Memorandum Opinion, entered on March 29, 2010. Webb v. Astrue, No. 09-5109 (W.D. Mar. 29, 2010). In said opinion, the undersigned remanded the matter to the ALJ to request clarification and more specific information from the VE as to the number of poultry boner jobs

_____

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

-1-

which exist in Arkansas and the national economy, and to obtain a report from a consultative examining rheumatologist regarding Plaintiff's possible fibromyalgia.  (Doc. 9 at p. 10).

On October 14, 2010, a second hearing was held, at which time Plaintiff and a Vocational Expert (VE) appeared and testified.  (Tr. 213-238).  In addition, pursuant to the undersigned's remand order, on December 2, 2010, the Plaintiff was examined by a rheumatologist, Dr. Ali J. Abu-Libdeh.  (Tr. 870-872).

By written decision dated March 29, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - osteoarthritis and depression. (Tr. 188). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 189). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about six hours during an eight-hour workday and can stand and walk for about six hours during an eight-hour workday. The claimant can occasionally climb ramps/stairs, balance, kneel, crouch, and crawl. The claimant cannot stoop or climb ladders, ropes, or scaffolds. The claimant can frequently use foot controls. The claimant can understand, remember , and carry out simple, routine, and repetitive tasks wherein the complexity of tasks is learned and performed by rote. The claimant can respond appropriately to supervision that is simple, direct, and concrete, to coworkers, to the general public, and to usual work situations.

(Tr. 191).  With the help of the vocational expert (VE), the ALJ determined that Plaintiff did not have any past relevant work, but that there were jobs that Plaintiff could perform, such as machine tender, small products assembler, and poultry boner. (Tr. 194).

By letter dated July 13, 2012, the Administrative Appeals Judge notified that he had

AO72A
(Rev. 8/82)

considered the reasons Plaintiff's attorney disagreed with the ALJ's decision and all of the issues in the case and found no reason to assume jurisdiction and no basis to disturb the ALJ's decision. (Tr. 180).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 3). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has the benefit of having reviewed the medical records in the prior proceeding as well as the medical records in the present proceeding. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

-3-

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  <u>Pearsall v. Massanari</u>, 274 F. 3d 1211, 1217 (8th Cir. 2001); <u>see also</u> 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and, (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience.  <u>See</u> 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC).  <u>See</u> <u>McCoy v. Schwieker</u>, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.    Discussion:**

Plaintiff raises the following issues on appeal: 1) The ALJ erred in finding Plaintiff does not have the severe impairment of fibromyalgia or severe pulmonary impairment (law-of-the-

-4-

case doctrine); and 2) The ALJ did not follow the District Court's direction upon remand.  (Doc. 9).

**A. Severe Impairments:**

An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § § 1520(a)(4)ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  20 C.F.R. § § 404.1521, 416.921.  The Supreme Court has adopted a "de minimis standard" with regard to the severity standard.  <u>Hudson v. Bowen</u>, 870 F.2d 1392, 1395 (8th Cri. 1989).

In the prior case, the ALJ found that Plaintiff's severe impairments were osteoarthritis and asthma.  In the present case, upon remand, the ALJ found Plaintiff's severe impairments were osteoarthritis and depression.  Plaintiff contends that her fibromyalgia should have been considered severe.  As noted in the previous opinion, on July 24, 2007, Dr. Alice M. Martinson, from the Orthopaedic & Sports Medicine Clinic of Northwest Arkansas, reported that the "triad of sleep disorder, depression, and widespread muscle tenderness is termed by some physicians as 'fibromyalgia.'" <u>Webb</u>, No. 09-5109 at Doc. 9, p. 5.    Accordingly, the undersigned determined that upon remand, Plaintiff should be examined by a rheumatologist. On February 26, 2009, Dr. James Dunn, of the Community Clinic, assessed Plaintiff with polyarthritis, polyarthropathy, and fibromyalgia. (Tr. 362).  On March 5, 2009, Dr. Dunn again assessed Plaintiff with polyarthritis, polyarthropathy and fibromyalgia. (Tr. 360).  It appears from the record that as many times as Plaintiff sought medical treatment, Dr. Dunn is the only one who

-5-

diagnosed Plaintiff with fibromyalgia.

Upon examination of Plaintiff on remand by Dr. Ali J. Abu-Libdeh, the rheumatologist, he assessed Plaintiff with mild osteoarthritis, with maximum involvement in the lower cervical and lumbosacral region, and concluded that from the findings, Plaintiff's disability "appears to be mild, and cannot explain all of the limitations that the patient is claiming." (Tr. 872).  He did not diagnose Plaintiff with fibromyalgia.

With respect to the pulmonary impairment, Plaintiff argues that as the ALJ found asthma to be a severe impairment in the original case, the law-of-the-case doctrine prevents the ALJ from deciding that asthma is not a severe impairment upon remand.  "The law-of-the-case doctrine generally prevents relitigation of an issue previously resolved, and requires courts to adhere to decisions rendered in earlier proceedings. This doctrine applies to administrative agencies on remand." Hulsey v. Astrue, 622 F.3d 917, 924 (8th Cir. 2010). However, in the present case, the record before the ALJ included new and different evidence regarding Plaintiff's condition, and "the law-of-the-case doctrine does not preclude a different conclusion if the adjudicator is presented with substantially different evidence." Id. at 925 (citations omitted). From the date of the previous ALJ decision to present, there is no indication that Plaintiff had issues with her asthma. In fact, Dr. Abu-Libdeh reported on December 2, 2010, that "[a]lthough there is a history of asthma, it does not appear to be active at this time, and there is no wheezing. She is not taking any medications for this currently." (Tr. 871).

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's decision relating to Plaintiff's severe impairments.

-6-

**B.      Compliance with Remand Order:**

As the Court finds the ALJ was warranted in concluding Plaintiff's asthma was not a severe impairment, Plaintiff's argument relating to the Court's direction on this issue is without merit. Plaintiff also contends that while the Commissioner did refer Plaintiff to a rheumatologist for a consultative examination, the Commissioner provided no records for the examiner, and concludes that the "examiner did not know of Ms. Webb's previous diagnosis of fibromyalgia or of her lab results." (Doc. 9). The Court finds Plaintiff's argument to be without merit.  The rheumatologist is a specialist, and it is not the Court's role to advise a health care specialist how to examine and diagnose a claimant, or what records he or she needs in order to render an opinion.

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds the ALJ complied with the remand order.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's complaint should be dismissed with prejudice.

DATED this 3rd day of December, 2013.

/s/ *Erin L. B Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-7-